No. 3658.—SUCCESSION OF MARIE E. BERNARD, Widow of ANDRE LE BLANC.

The parish court is without jurisdiction, *ratione materiæ*, to pass upon a claim against an, estate for supplies furnished, where the amount claimed is above five hundred dollars.

A document required to be stamped with an internal revenue stamp is not admissible in evidence if it has not the amount of stamps upon it at the time it is offered. In such a case the judge is prohibited, by the act of Congress of 1865, from allowing the stamps to be placed upon it; but the revenue collector of the district may cause it to be stamped,. provided the penalty of fifty dollars is paid, which the law imposes in such cases.

APPEAL from the Parish Court of Lafourche. *Josh Nicolas*, Parish Judge. *A. F.* and *Clay Knobloch*, for opponent and appellant; *E. W. Blake* and *Louis Bush*, for the succession.

LUDELING, C. J. Marie E. Bernard died in the year 1868, leaving three heirs, viz: Mrs. Modeste Aubert, Miles T. Bernard and Mrs. J. T. Ledet. On the third of December, 1870, the administratrix filed a final account and a proposed distribution or partition of the funds among the heirs. Oppositions were filed by heirs and creditors.

We think the several sums, which it is contended should be collected by the heirs, were not donations, but *dations en paiement*, made by their mother on account of the succession of their father. But, whether donations or not, it would seem that like amounts were given to each of the heirs.

The claim of Mrs. Ledet against the succession for moneys and supplies furnished and services rendered to the deceased, amounting to $1270, being disputed by the succession, the parish court had no jurisdiction, *ratione materiæ*, to act on the claim, and the plea to the jurisdiction should have been maintained.

The share of M. T. Bernard is claimed by Mrs. Aubert, under a private act, not recorded and unstamped at the time it was offered in evidence. The same interest is claimed by Xavier Meyer, who had it seized and sold under an execution against M. T. Bernard, subsequent. to the transfer made to Mrs. Aubert. Xavier Meyer opposes the account, and proposed distribution of the funds,.on the ground, among others, that the share of M. T. Bernard thereto should be paid to him.

When the unstamped private act was offered in evidence, it was objected to, on the ground that it was utterly null and void, being

unstamped. The court *a qua* permitted the attorney to place a stamp upon the document, in the presence of the court, and then admitted it in evidence.

We think the judge *a quo* erred in permitting the stamp to be affixed, and in receiving the document in evidence. The act was dated eleventh of May, 1868. The act of Congress, dated thirtieth of June, 1864, decares that "no deed, instrument, document, writing or paper, required by law to be stamped, *which has been heretofore signed or issued* without being duly stamped, or with a deficient stamp, nor any copy thereof, shall be recorded or admitted or used as evidence in any court, until a legal stamp or stamps, denoting the amount of duty, shall have been affixed thereto, etc.; * * * and the person desiring to use or record any such deed, instrument, document, writing or paper, as evidence, his agent or attorney is authorized, in the presence of the court, etc., to affix the stamp," etc. Brightly's Dig. 265, s. 257.

This section of the act of 1864 only applies to instruments made or executed before the thirtieth of June, 1864, and therefore could not apply to the act in question, which is dated eleventh of May, 1868. The provisions of the act of 1865, s. 1, declare that each "instrument or paper, bill, draft, order or note, shall be deemed invalid and of no effect;" * * provided that the party having an interest in the same may have the stamp affixed by applying to a collector of the revenue and paying the penalty of fifty dollars and the necessary stamp duty, with six per cent. per annum interest thereon from the date of the instrument; and then the instrument shall be deemed valid as if originally stamped. This the party offering the act has failed to do ; and we think the creditor had a right to seize and sell his interest in the succession, inasmuch as the private act had no legal effect until the stamps were affixed according to law.

Besides this, the act specifies no price or consideration. It states only "for value received." And further, Mrs. Aubert is estopped from attacking the sheriff's sale, as she assented to the same by her silence and acquiescence, when she should have asserted her rights if she had any. The notice of the seizure of the interest of M. T. Bernard was served upon her, as administratrix of the succession of Mrs. Bernard, and she took no steps to stop the sale or to notify the sheriff or purchasers that she owned said interest.

The judgment of the lower court seems to have done substantial justice between the parties.

It is therefore ordered and adjudged that the judgment be affirmed, and that the appellants pay the costs of appeal.

## On Rehearing.

Taliaferro, J. A review of the case does not induce us to change

the decree already pronounced. The principal point urged in the application for the rehearing is, that there are errors of calculation to the prejudice of Mrs. Ledet, in the estimate forming the basis of the judgment in the court below amending and approving the account of the administratrix. We think the opponent has not shown that there are such errors of calculation.

It is therefore ordered that the judgment rendered by this court remain undisturbed.